## VREELAND *vs.* VREELAND.

1. In a suit against a husband for alimony under the tenth section of the divorce act, it is proper to allow to the wife counsel fees, and also temporary alimony, *pendente lite.*

2. Counsel fees and alimony, *pendente lite,* are only allowed to a wife, and where the answer denies the fact of marriage under oath, and the fact of marriage is the main controversy in the cause, they will not be allowed, except upon satisfactory proof of the fact of marriage, or that the defendant cohabited with the complainant as his wife, or publicly acknowledged her as such.

An order for a weekly allowance as alimony, *pendente lite,* was made by the late Chancellor, to continue until May Term, 1866. At that term, an application was made to continue and increase the alimony, and for the allowance of counsel fees. Affidavits were produced, showing the necessities of the complainant and the ability of the defendant. The defendant's answer, denying the fact of marriage, and charging the complainant with procuring some one to personate him at a pretended marriage, fraudulently got up, was read.

Vreeland *v.* Vreeland.

*Mr. Dixon,* in support of the motion, cited *Smith* v. *Smith,* 1 *Edw. C. R.* 255; *Smyth* v. *Smyth,* 2 *Addams* 254.

*Mr. C. Parker,* contra, cited *Bishop on Mar. and Div.,* § 560, 569, 570, *and* 579; *Nix. Dig.* 224, § 10.

THE CHANCELLOR.

This is an application by the complainant, for the continuance and increase of alimony, *pendente lite,* and for counsel fees to enable her to prosecute her suit.

The bill is filed to compel the defendant to furnish support and maintenance to the complainant, who alleges that she is the lawful wife of the defendant, and entitled to this relief under the tenth section of the divorce act.

In a bill of this kind it is no doubt proper that alimony, *pendente lite,* and suitable counsel fee should be allowed to the wife, as well as in suit for divorce. They come within the reason of the rule, and the case of *Denton* v. *Denton,* 1 *Johns. C. R.* 364, seems an authority for it. The only question is, whether, under the circumstances of this case, as it now appears before the court, it should be ordered.

The late Chancellor, upon the facts then appearing in the case, ordered a counsel fee and alimony, but limited the latter to the first day of this term; evidently intending that the continuance of it should depend upon the case as it should then stand.

The answer fully and explicitly denies the fact of marriage, and charges the complainant with the attempt to prove a marriage, by procuring some one to personate the defendant at a pretended ceremony, got up for such fraudulent purpose. This answer is under oath, and the evidence, so far as taken on that point, is conflicting and contradictory. There is no proof that the complainant was ever acknowledged or treated by the defendant, openly and publicly, as his wife, for any period. There is no proof of cohabitation, or living together as man and wife. There is proof of meretricious intercourse before the alleged marriage, and that like intercourse was continued afterward.

The only foundation for the order for alimony and counsel fee, *pendente lite*, is that the marriage has existed in fact between the parties. Where the real controversy in the suit is, as here, between the parties, whether that relation exists, or ever did exist, the order cannot be made upon the mere allegation or *ex parte* affidavits of the wife. Else every man might be made to pay the expenses of any woman who claimed him as her husband, and sues for maintenance, and to support her as long as the suit could be spun out.

But in all such cases, where the fact of marriage is denied, under oath, it should appear, to the reasonable satisfaction of the court, that a marriage in fact has taken place, or that the woman has been openly treated, by the alleged husband, as his wife. *Bishop on Mar. and Div.*, § 570, 579. There is no precedent for allowing alimony or counsel fee where the fact of marriage, or cohabitation as man and wife, is denied.

In the case of *Smyth* v. *Smyth*, 2 *Addams* 254, the court, because a marriage *de facto* was neither proved against, nor confessed by, the husband, refused to make an order for alimony, but, there being no denial of marriage, and it being alleged or *pleaded* against the husband, *recommended* that it should be allowed during vacation. The case of *Smith* v. *Smith*, in 1 *Edw. C. R.* 255, does not seem to be either well reported or fully considered, yet it would not support this application, though it goes further than any other. There was in that case no answer, but a plea denying *the fact* of marriage, and sworn to. But it did not deny that they had cohabited, or lived together as man and wife.

The application is denied.